**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed August 30, 2018.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00716-CR

---

### IN RE GERALD J. DURDEN, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**248th District Court**
**Harris County, Texas**
**Trial Court Cause No. 905464**

---

## MEMORANDUM OPINION

On August 16, 2018, relator Gerald J. Durden filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the District Clerk of Harris County, Texas, Chris Daniel, to present relator's motion for post-conviction DNA testing to the appropriate trial court.

This court's mandamus jurisdiction is governed by section 22.221 of the Texas Government Code. Section 22.221 expressly limits the mandamus jurisdiction of the courts of appeals to: (1) writs against a district court judge or county court judge in the court of appeals' district, (2) writs against a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52, Code of Criminal Procedure, in the court of appeals district; (3) writs against an associate judge of a district or county court appointed by a judge under Chapter 201, Family Code, in the court of appeals district for the judge who appointed the associate judge; and (4) all writs necessary to enforce the court of appeals' jurisdiction. Tex. Gov't Code Ann. § 22.221 (West Supp. 2017). Because the petition for writ of mandamus is directed toward a district clerk and is not necessary to enforce this court's jurisdiction, we have no jurisdiction. *See* Tex. Gov't Code Ann. § 22.221.

Accordingly, the petition for writ of mandamus is ordered dismissed for lack of jurisdiction.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Boyce and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).